**POST HOUSES, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 16348.

United States Court of Appeals
Third Circuit.

Argued Sept. 11, 1967.

Decided Oct. 30, 1967.

Matthew J. Broderick, Dechert, Price & Rhoads, Philadelphia, Pa., for petitioner.

Lawrence J. Sherman, N.L.R.B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Nancy M. Sherman, Atty., N.L.R.B., on the brief), for respondent.

Before KALODNER, FREEDMAN and SEITZ, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

In the instant case Post Houses, Inc. seeks to review and set aside an Order of the National Labor Relations Board and the Board has cross-petitioned for enforcement.

The record discloses that on August 10, 1965, the Hotel & Restaurant Employees and Bartenders International Union, Local 397, filed unfair labor practice charges with the National Labor Relations Board alleging that Post Houses, Inc. had engaged in conduct in violation of § 8 (a) (1), (3) & (5) of the National Labor Relations Act; 29 U.S.C. § 158(a) (1), (3) & (5), and that after hearing, the Board found that Post Houses, Inc. violated § 8(a) (1), (3) & (5) of the Act, by laying off an employee, Joseph Duffy, because of his union activities; by threatening its employees with reprisals for union activities; by creating an im-

pression of surveillance of their union activities; and by refusing to bargain collectively with the union on or after its request of July 6, 1965.

The record also discloses that the Board ordered Post Houses, Inc. to cease and desist from the unfair labor practices found and from infringing upon its employees' rights under § 7 of the Act (29 U.S.C. § 157); to offer to reinstate Joseph Duffy with back pay; and to bargain collectively with the union upon request and post appropriate notices.

Post Houses, Inc. in its petition for review contends that the Board erred in making its findings and in entering its Order. The Board urges that substantial evidence in the record sustains its findings and its Order.

On review of the record we subscribe to the Board's contention. The petition for review will be denied and the Board's Order will be enforced. An appropriate Order may be submitted by the Board.